**INDIVIDUAL PRACTICE RULES OF**
**MAGISTRATE JUDGE JAMES ORENSTEIN**
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room 1227 South
Courtroom: 11D South
Telephone: (718) 613-2110    Fax: (718) 613-2115
Courtroom Deputy Alicia Guy: (718) 613-2114

I. **Electronic Case Filing (ECF)**

   A. ECF Registration and Filing Requirements; Exemptions.

   1. **All documents must be electronically filed** on the court's ECF system pursuant to Administrative Order 2004-08. **Documents sent exclusively by mail or fax will not be considered**, except as set forth in Rule I.B. Accordingly, each attorney of record must file a Notice of Appearance as to each represented party, and must register to receive ECF notifications **before** filing any motions, letters, or other documents. Information about ECF docketing procedures are available on the district court's web site: http://www.nyed.uscourts.gov.

   2. All orders by Magistrate Judge Orenstein will be transmitted to attorneys **only** by electronic notification. Each attorney of record is therefore responsible for keeping a current e-mail address on file with the Clerk's office.

   3. *Exemptions.* Litigants proceeding *pro se* are automatically exempt from ECF requirements. Any attorney wishing to be exempted from ECF requirements must first complete ECF training and then, if an exemption is still desired, may make a written application to Magistrate Judge Orenstein. Such requests will be granted only in limited circumstances.

   B. Exceptions to Mandatory Electronic Filing.

   1. *Courtesy Copies.* Do **not** submit courtesy copies unless asked to do so by the court.

   2. *Statements of Settlement Position.* When parties are ordered to submit *ex parte* statements of settlement position prior to a conference, such statements should be submitted by fax only, and not by ECF. Faxed settlement statements should be short, and in no event longer than ten pages (including cover sheet and attachments). If a party would like to submit a longer statement, it must do so by mail or hand delivery.

## II. Communications With Chambers

A. <u>Requests for Adjournments or Extensions of Time</u>.

  1. *Non-Emergency Requests.* Any request to adjourn a court appearance, absent an emergency, must be made **at least 48 hours in advance** of the appearance **and must be made by ECF.** Any such request, or any request for an extension of an existing deadline, must state: (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether those previous requests were granted or denied, (4) whether the adversary consents (including any reasons given by the adversary for withholding consent), and (5) whether the request affects any other scheduled deadline (in which case alternative dates must be proposed).

  2. *Emergency Requests.* In the event of an emergency, a request to adjourn a court appearance **must be filed by ECF**, and must include an explanation for the last-minute nature of the request. Faxed requests will be ignored.

B. <u>Letters</u>. Do **not** provide the court with copies of correspondence between counsel, except as an exhibit if the letter is itself relevant to a pending motion.

C. <u>Telephone Calls</u>.

  1. Do **not** call chambers to request an adjournment, extension, or any other form of relief. All such requests must be made on notice by ECF filing.

  2. **Before calling chambers on any matter, counsel must review the docket of the case and be familiar with the proceedings to date.** For civil matters, call chambers; for criminal matters Alicia Guy at (718) 613-2114.

D. <u>Faxes and Emails</u>.

  1. *Generally.* Except as set forth below in paragraph II.D.3, all communications with chambers should be via ECF filing, faxes and emails are not permitted and will be ignored.

  2. *Time-sensitive Submissions.* Do **not** send a fax or email. If a time-sensitive matter filed by ECF has not been decided by the end of the day on which it was filed, counsel may call chambers **once** to note its pendency.

  3. Ex parte *Settlement Statement Faxes. Ex parte* settlement statements should be sent via fax, and NOT filed on ECF. Faxed settlement statements should be short, and in no event longer than ten pages (including cover sheet and attachments). If a party would like to submit a longer statement, it must do so by mail or hand delivery.

2

### III. Motions

    A. <u>Discovery and Other Non-Dispositive Motions</u>.

        1. *Generally*. Pursuant to Local Civil Rule 26.5, any party wishing to make a discovery motion or any other motion for non-dispositive relief must **first** make a good-faith effort to resolve the matter on consent. **That effort must include personal contact with counsel for all relevant parties, either by telephone or in person.** If such efforts do not resolve the dispute, any motion submitted pursuant to this rule must include a report of the efforts made to resolve the matter on consent.

        2. *Letter Motions*.

            a. A discovery motion or a motion seeking any other form of non-dispositive relief may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3. No pre-motion conference is required.

            b. Any party wishing to respond to a letter motion must file a written response no later than three business days after the motion is filed. Failure to respond may result in the motion being granted as unopposed.

            c. Replies and sur-replies are **not** permitted on letter motions.

        3. *Motions on Notice*. Although parties are encouraged to make discovery motions and motions for other forms of non-dispositive relief by letter pursuant to Local Rule 37.3, such motions may be made on notice pursuant to Local Rule 6.1. A pre-motion conference with the court is required before the filing of a motion on notice. The moving party shall submit a letter setting forth the basis for the motion; a response shall be submitted within three business days. Replies and sur-replies are not permitted.

        4. *Length of Letters*. Any letter submitted pursuant to this rule must be no longer than three pages in length, exclusive of attachments.

    B. <u>Dispositive Motions</u>. Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made in conformance with the individual practice rules of the assigned district court judge, unless the parties have consented in writing to refer the case to Magistrate Judge Orenstein for all purposes or for purposes of deciding the motion.

3

C. <u>General Practices for Motions on Notice Made to Magistrate Judge Orenstein.</u>

1. *Service and Filing.*

   a. Do not file any motion papers until the motion is fully briefed.

   b. The parties are to set their own briefing schedule. The parties may revise the schedule on consent, informing chambers by letter.

   c. The moving party shall file all motion papers and submit a separate letter specifying each document filed in the motion package.

2. *Memoranda of Law.* Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. Case citations must contain pinpoint cites. All memoranda of law must use one-inch margins, double spacing, and 12-point font. Legal arguments must be set forth in a memorandum of law; affidavits or affirmations containing legal argument will be rejected. *See* Local Civil Rule 7.1. **Any memoranda, affidavits, or affirmations not complying with the requirements set forth herein will be rejected.**

3. *Courtesy Copies.* Do **not** submit courtesy copies unless asked to do so by the court.

4. *Oral Argument on Motions.* Parties may request oral argument. The court will determine whether argument will be heard, and, if so, will advise counsel of the argument date.

D. <u>Summary Judgment Motions Submitted to Magistrate Judge Orenstein.</u>

1. *Statements Pursuant to Local Civil Rule 56.1.* Any party wishing to make a motion for summary judgment must first serve upon all parties a statement pursuant to Local Civil Rule 56.1 ("Rule 56.1"). If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2. Any party receiving a Rule 56.1 statement and wishing to oppose the motion must serve on the movant, within seven days of receiving the movant's Rule 56.1 statement, an original and two copies of a counter-statement pursuant to Rule 56.1. The parties may agree among themselves to a reasonable extension of time for the non-movant to prepare a Rule 56.1 counter-statement. The Rule 56.1 statement and counter-statement should **not** be filed with the court prior to the request for a pre-motion conference.

4

      2.    *Pre-motion Conference.* Should the movant still assert that summary judgment is warranted after receiving the counter-statement, the movant may request a pre-motion conference in a letter of no more than two pages stating the basis for the proposed motion. The letter shall also enclose copies of the Rule 56.1 statement and counter-statement. Within seven days, the non-movant may submit a responsive letter of no more than two pages, setting forth the nature of the opposition to the motion.

E.    <u>Motions for Admission *pro hac vice*</u>. A motion for admission *pro hac vice* must comply with the Rules of the Eastern District of New York as set forth on the district court's website, www.nyed.uscourts.gov/general_information/court_forms. Counsel seeking such admission must provide a certificate of good standing from **each** state in which the applicant is admitted to practice. These motions shall be on submission. If any party objects to the motion, opposition papers must be served and filed at least two days prior to the return date. No replies are permitted.

F.    <u>Motions Pursuant to Fed. R. App. P. 4(a)(4)(A)</u>. Nothing in these individual rules should be construed to require a pre-motion conference for motions pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A), and such motion should be filed when made.

## IV. Pretrial Procedures in Civil Trials Referred To Magistrate Judge Orenstein

A.    <u>Joint Pretrial Orders</u>. In cases referred for trial before Magistrate Judge Orenstein in which a pretrial order has already been filed pursuant to the individual practice rules of another judge, no additional filing is required under this rule. In cases where no pretrial order was filed prior to the referral, the parties shall, on the date specified in the scheduling order, submit a joint pretrial order that includes:

    1.    The full caption of the action;

    2.    The names, firm names, and contact information of trial counsel;

    3.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall cite relevant statutes and facts regarding citizenship and jurisdictional amounts.

    4.    A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.

    5.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

B.    <u>Filings Prior to Trial</u>. Unless otherwise ordered by the Court, each party shall file the following according to the schedule indicated below:

1. <u>Seven Days Before Trial</u>: All motions *in limine* must be fully briefed. The parties shall set a briefing schedule to ensure that any motion *in limine* is fully briefed no more than one week before the start of jury selection.

2. <u>Three Business Days Before Trial</u>:

   a. Proposed *voir dire* questions. Each submission must include a list of the names of all witnesses or persons about whom testimony is expected, to be provided to prospective jurors during *voir dire*.

   b. Requests to charge.

   c. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element.

   d. Any stipulations or agreed statements of fact or law.

   e. A list by each party of all fact and expert witnesses to be called in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify except when good cause is shown.

   f. A designation by each party of the deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party. Designations should be specific as to transcript pages and lines. Deposition testimony not so specified in advance of trial will be excluded.

   g. A list by each party of all exhibits to be offered in its case in chief. To the extent practicable, counsel should identify (by reference to the pertinent Federal Rule of Evidence) any anticipated objections to an opposing party's exhibits. Any objection not so identified will be deemed waived absent good cause. Exhibit lists should be in the following format:

   | Ex. # | Description | Offered | Objection | Admitted |
   |---|---|---|---|---|
   |  |  |  |  |  |

   h. If a party believes it would be useful, a pretrial memorandum.

3. <u>Start of Trial</u>: A complete set of <u>pre-marked</u> trial exhibits.

6

C. <u>Procedures at Trial</u>:

1. <u>*Voir Dire*</u>: The court will conduct all *voir dire*.

2. <u>Witnesses</u>:

   a. No later than the end of each trial day, counsel must notify each other and the court of witnesses to be called the following trial day.

   b. Absent a contrary ruling made <u>before</u> the start of a witness's direct testimony, cross-examination in a civil case may go beyond the scope of direct to avoid making the witness return to testify in the opposing party's case. However, to the extent cross-examination exceeds the scope of the direct pursuant to this rule, counsel should not ask leading questions (unless the witness is hostile or otherwise associated with the opposing party).

3. <u>Sidebars</u>: Sidebar conferences will be kept to a minimum. Counsel are expected to anticipate and raise evidentiary issues during breaks in the trial to avoid wasting the jurors' time.

4. <u>Closing Arguments</u>:

   a. Closing arguments will start with the defendant and conclude with the plaintiff. There will be no rebuttal. *See* Local Rule 39.2.

   b. Any application for a different order of argument must be made before jury selection.

Revised as of November 4, 2010