**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'
ASSOCIATION, et al.,

        Plaintiffs,    **CASE MANAGEMENT AND**
                   **SCHEDULING ORDER**
    -against-         **11-CV-0976 (KAM) (JO)**

CHAIM MEISELS, et al.,
        Defendant.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge**

**I. DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for all Rule 26(a)(1) disclosures: | July 21, 2011 |
| First request for production of documents and first request for interrogatories due by: | September 30, 2011 |
| Deadline for joinder of additional parties and amendment of pleadings: | February 16, 2012 |
| <u>Status Conference</u> (with joint status report due two business days in advance): | March 29, 2012, at 9:30 a.m. |
| All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: | June 21, 2012 |
| <u>Pretrial Conference</u> (*ex parte* statements of settlement position due via fax two business days in advance): | July 26, 2012, at 10:30 a.m. |
| Dispositive motion process started by: | August 31, 2012 |
| Joint pretrial order due by: | September 28, 2012 |

**II. DISCOVERY**

  a. **<u>No stays of discovery absent an explicit court order.</u>**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, referral to mediation, or an agreement between the parties to suspend discovery.  Any application for a stay of discovery must show good cause why such relief should be granted.

1

b. **Written discovery.** Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure are due no later than 30 days after service of the request. All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

c. **Depositions.** Pursuant to Local Civil Rule 26.5, counsel should cooperate, consistent with their clients' legitimate interests, in scheduling and conducting depositions.

i. If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Fed. R. Civ. P. 30 unless excused by the party that served the notice or by the court.

ii. Counsel are obligated to attempt in good faith to resolve any dispute that arises during a deposition before seeking judicial intervention.

d. **Expert discovery.** Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports. The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline. Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

e. **Discovery disputes.** Parties are obligated to attempt in good faith to resolve discovery disputes before seeking judicial intervention. Any unresolved dispute must be brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines set forth above. Motions to resolve discovery disputes shall be litigated in accordance with my Individual Practice Rules and Local Civil Rules 37.3 and 6.4. Failure to submit a timely opposition in compliance with applicable rules may result in the motion being granted as unopposed.

f. **Timeliness of requests.** To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for the responding party to comply with the request in full before the relevant discovery deadline. In the event that any such discovery demand is untimely, I may decide not to enforce it.

### III. REQUIREMENTS FOR COURT CONFERENCES

a. **Status conference.** No later than two business days before the status conference, the parties are directed to **file a joint letter on ECF** reporting on the status of the case, the nature of pending disputes (if any), and whether discovery is proceeding on schedule. If there are no pending disputes requiring court intervention, I will entertain a joint application to adjourn or cancel the conference. If the parties agree to discuss settlement at the status conference, the parties should also submit *ex parte* statements of settlement position as described in the next paragraph.

  b. **Pretrial conference.** No later than two business days before the pretrial conference, each party must submit **a brief *ex parte* statement of its settlement position by fax (NOT ECF)** specifying the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position.  These statements will be treated as confidential, and will not be docketed.  Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

  c. **Additional requirements for all conferences.**

   i. All conferences will be in person unless otherwise ordered.  Any request to conduct a conference by telephone must be made at least 48 hours before the scheduled start of the conference.

   ii. All conferences will start on time.  Any attorney who does not arrive on time may be directed to obtain a transcript of the proceeding and provide it to the represented party to avoid prejudice to that party arising from proceedings conducted in its absence.

   iii. Counsel for each party must be fully familiar with the case and prepared to discuss the status of discovery, the party's current settlement position, and any unresolved issue in the case.  A party's counsel of record may send substitute counsel only if the latter is fully prepared to discuss all of the matters described above.

   iv. If a conference cannot proceed due to counsel's failure to appear on time or unpreparedness to discuss the case, I will reschedule the conference and consider an order requiring the attorney responsible for the delay to reimburse the other participants' costs, including reasonable attorneys' fees.

**IV. POST-DISCOVERY MATTERS**

  a. **Dispositive Motions Deadline.** The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned.  As specified in the individual practice rules of the assigned district judge (available at www.nyed.uscourts.gov), that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers.

  b. **Joint Pretrial Order Deadline.** The deadline for submitting a joint pretrial order is the date by which the parties must file a single document that reflects input from all parties and that fully complies with the individual practice requirements of the district judge to whom the case is assigned (not my individual practice requirements, unless the parties have unanimously agreed to refer the case to a magistrate judge for all purposes including the entry of judgment pursuant to 28 U.S.C. § 636(c)).  If one party has completed its portion of the proposed pretrial order but cannot obtain input from an adversary, it must so advise me before the deadline.

   c. **<u>Generally, no extension due to the pendency of summary judgment motions.</u>**

    i. In cases that are assigned to a district judge whose individual practice rules require the submission of a joint pretrial order no later than 60 days after the close of discovery (as do most judges in this district, *see* <u>www.nyed.uscourts.gov</u>), I will <u>not</u> extend this deadline based on the anticipation or pendency of a summary judgment motion absent an order from the assigned district judge.

    ii. The fact that a party intends to seek summary judgment will not be considered good cause to postpone a discussion of settlement at the pretrial conference or the submission of *ex parte* statements of the parties' respective settlement positions in advance.

**V. <u>EXTENSIONS OF DEADLINES.</u>**

   a. **<u>The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause.</u>**  Failure to comply with a deadline may result in the imposition of appropriate sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, including a recommendation of dispositive relief.

   b. While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above; and such agreement requires court approval.  Similarly, an agreement among the parties to discuss settlement will not excuse failure to comply with any deadline set forth above.  Parties wishing to suspend discovery or adjourn a deadline to promote settlement discussions must seek permission from the court.

   c. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted, absent extraordinary circumstances.

   d. A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with Rule II.A of my individual practice rules.

**VI. <u>ELECTRONIC FILING AND CONTACT INFORMATION</u>**

   a. **<u>Mandatory electronic filing.</u>**  Pursuant to Administrative Order 2004-08, **<u>all documents must be submitted electronically.</u>**  Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by mail or fax will be discarded.

   b. **<u>Attorney appearance and registration.</u>**  The attorney for each party with primary responsibility for the matter must, as soon as possible and in no event later than the attorney's first appearance in court:

    i. file a Notice of Appearance on behalf of <u>each</u> represented party; and

    ii. register to receive electronic notification of every filing in the case via the court's ECF docketing system.

  c. **Current contact information.**  The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information – including mailing addresses, email addresses, and daytime telephone numbers – by filing the appropriate Notice on ECF.

  d. **Redaction or deletion of personal data identifiers.**  All public filings on the electronic docket must omit or redact personal data identifiers, pursuant to Fed. R. Civ. P 5.2.  Where an otherwise public document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

  **SO ORDERED:**

Dated: Brooklyn, New York
   August 18, 2011

               /s/ James Orenstein
               JAMES ORENSTEIN
               United States Magistrate Judge