UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'   MEMORANDUM
ASSOCATION, et al.,                             AND ORDER
                        Plaintiffs,
      - against -
CHAIM MEISELS, et al.,                        11-CV-0976 (KAM) (JO)
                        Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

      Plaintiff Jon Sasmor ("Sasmor") moves for the entry of default against defendant Peter Henry ("Henry"). DE 85. Henry has failed to answer the Complaint or otherwise appear in this action. The Clerk of Court has previously rejected Sasmor's request to enter Henry's default on the ground that that the documents submitted by Sasmor in support of his request do not clearly establish that Henry was properly served with the Complaint. *See* Notice dated February 10, 2012. For the reasons set forth below, I grant Sasmor's motion.

      "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Although the rule expressly authorizes the Clerk to enter default, it does not limit the court's authority to do so; a party may make an application to the court to enter default against a party who has failed to plead or otherwise respond. *See United States v. Edwards*, 2011 WL 2441682 (D. Idaho June 14, 2011) (citing 10 Charles A. Wright, et al., Federal Practice and Procedure § 2682); *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) ("[T]he court has power to enter an order of default and Rule 55 is not a limitation thereof.").

      To secure the relief he seeks, Sasmor must show that he has properly effected service on Henry. *See*, *e.g.*, *Orellana v. World Courier, Inc.*, 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 4, 2010) (recommending against default judgment based on inadequate proof of service); *Llaviganay*

*v. Cipriani 110 LLC*, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (denying default judgment for same reason). Sasmor may do so by showing that he has used any of the service methods authorized under New York law or certain additional methods including "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2).

Here, the affidavit of service indicates that the process server, Tom Miller ("Miller"), made five unsuccessful attempts to personally serve Henry at his home address between November 11, 2011, and November 19, 2011.[1] DE 85-2 ("Miller Aff.") ¶¶ 2-5. On the occasion of his sixth attempt on November 20, 2011, Miller, accompanied by Sasmor, encountered Henry outside of the address. *Id.* ¶¶ 6-7. Miller called out to Henry by name and tried to hand Henry a manila envelope containing a copy of the Summons and Complaint. *Id.* ¶ 9. Henry swung his arm at Miller, striking him hard on the wrist and knocking the envelope containing the Summons and Complaint to the ground. *Id.* ¶ 10. Henry then walked towards a red SUV parked on the street, unlocked and opened the driver-side door of the vehicle, reached inside to retrieve some papers, closed and locked the door, and then reentered the building. *Id.* ¶¶ 11-12. Miller retrieved the Summons and Complaint from the ground and placed the envelope, which bore Henry's name and address, under one of the windshield wipers on the vehicle. *Id.* ¶ 13. Miller and Sasmor remained in front of the building and, approximately six minutes later, Henry reemerged and walked towards the location where they were standing. *Id.* ¶ 15. Miller held out another copy of the Summons and Complaint and stated to Henry, "This is a summons and complaint from federal court." *Id.* Henry did not take the Summons and Complaint, but yelled at Miller and Sasmor to "leave [him] alone," and continued walking. *Id.* ¶ 16.

---

[1] Miller determined Henry's home address from the billing records for Henry's cellular telephone which were obtained by Sasmor during discovery. Miller Aff. ¶ 1.

These facts establish effective personal service. A defendant's physical refusal to accept a summons does not suffice to avoid service where he is informed that service is being attempted. *See Sparton Engineered Prods. v. Cable Control Techs.* 178 F.3d 1296 (table), 1999 WL 115472, at *3 & n.2 (6th Cir. 1999). "If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in defendant's presence, or, if a touching is impossible, simply to leave them in the defendant's physical proximity." *Travelers Cas. and Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting 4A Charles A. Wright, et al., Federal Practice and Procedure § 1095 (3d ed. 2002)); *accord Gambone v. Lite-Rock Drywall Corp.*, 124 Fed. Appx. 78, 79-80 (3d Cir. 2005); *United States v. Mahoney*, 2007 WL 4570843, at *1 (E.D. Cal. Dec. 27, 2007); *see also Doe 1 v. Liu Qi*, 349 F. Supp. 2d 1258, 1275 n.5 (N.D. Cal. 2004) ("Where a defendant attempts to avoid service … by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant."). "It is not crucial in these circumstances that the defendant does not take the papers into his or her possession … [s]ince this procedure satisfies the objective of giving notice to the party to be served." *Travelers Cas. and Sur. Co. of America*, 551 F.3d at 1135 (quoting 4A Charles A. Wright, et al., Federal Practice and Procedure § 1095 (3d ed. 2002)).

Miller twice attempted to hand the Summons and Complaint to Henry, who not only refused to accept the papers, but actually physically assaulted Miller in the first instance. While Miller did not inform Henry of the legal nature of the papers prior to Henry's initial refusal, Henry's aggressive behavior towards Miller and Sasmor strongly suggests that he understood the

purpose for their visit. In any event, Miller did inform Henry of the nature of the documents before attempting to hand them to Henry a second time, and Henry nonetheless refused to accept them. Finally, Miller left the documents in a conspicuous location under a windshield wiper of the red SUV from which he had observed Henry retrieve paperwork. Under these circumstances, I conclude that Henry was given adequate notice of the Complaint in this action and therefore was properly served.

Even if I were to conclude that the service described above were somehow deficient, I would still find that Henry has been properly served because, after attempting to personally serve Henry, Miller mailed the Summons and Complaint to Henry and affixed those documents to the front door of his apartment building. Miller Aff. ¶¶ 19-20. Such "nail and mail" service is authorized by under New York law where personal service cannot be made with due diligence. *See* N.Y. C.P.L.R. § 308(4). I find that Miller's attempts to personally serve Henry at his home address were sufficient to constitute due diligence, particularly in light of Henry's aggressive avoidance of service. Accordingly, I find that "nail and mail" service was authorized in this case. I therefore grant plaintiff Sasmor's motion and respectfully direct the Clerk to enter defendant Henry's default on the docket.[2]

SO ORDERED.

Dated: Brooklyn, New York
March 12, 2012

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2] I note that the docket reflects that as of the date and time of this order, the Clerk has already entered Henry's default at my request.

4