UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'             MEMORANDUM
ASSOCATION, et al.,            AND ORDER
                         Plaintiffs,
          - against -
CHAIM MEISELS, et al.,            11-CV-0976 (KAM) (JO)
                         Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

       The motions to quash *pro se* plaintiff Jon Sasmor's subpoenas to third-party telephone providers and for related relief are granted in part and denied in part. *See* Docket Entry ("DE") 79; DE 80. Notwithstanding the defendants' arguments to the contrary, I am persuaded that, with the exceptions noted below, the requested telephone records are reasonably calculated to lead to the discovery of admissible evidence and that their disclosure will not cause unnecessary annoyance, embarrassment, or undue burden to the defendants or to third-parties. *See* Fed. R. Civ. P. 26(b)(1), (c)(1). I therefore deny the defendants' request to quash the subpoenas in their entirety, and I also deny their requests for other forms of relief, including sanctions against Sasmor and the reimbursement of their costs in litigating the instant motions.

       I am persuaded, however, that certain aspects of the subpoenas improperly intrude into the attorney-client relationship between the defendants and their counsel or in other ways impose undue burdens on the subpoena recipients and the persons whose records they seek. *See* Fed. R. Civ. P. 45(c). To avoid intrusion into the defendants' legal representation, I limit the scope of each subpoena to the time period ending on March 1, 2011, when this litigation began. To avoid imposing undue burdens on persons with no apparent connection to this litigation, I strike Sasmor's demands for records related to telephone numbers 347-397-0038 and 347-971-9650; I conclude that Sasmor's proffered reasons for suspecting that these numbers are associated with the

defendants, *see* DE 92-1, are entirely speculative.[1] For a similar reason, I strike the portions of the subpoenas that demand the production of records for "all other phone numbers" belonging to the subscribers of the 29 phone numbers that are specifically identified in the subpoenas; if Sasmor has a basis for seeking specific records associated with a specific number, he may do so.

I direct plaintiff Sasmor to provide a copy of this order to each subpoena recipient and to file proof of such service on the docket no later than March 21, 2012. If any subpoena recipient has already produced information responsive to the portions of the subpoenas which have been stricken, Sasmor must immediately provide all copies of such information in his possession to the court.

SO ORDERED.

Dated: Brooklyn, New York
March 14, 2012

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] For the same reason that I conclude the numbers have no demonstrable relationship to this litigation, I also conclude that the defendants lack standing to move to quash those portions of the subpoenas. I nevertheless take such action on my own authority pursuant to the legal mandate that "the issuing court must enforce" a litigant's duty to avoid imposing undue burdens on subpoena recipients. Fed. R. Civ. P. 45(c).

2