UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'
ASSOCIATION, et al.,                                                    REPORT AND
                           Plaintiffs,                             RECOMMENDATION
            - against -
CHAIM MEISELS, et al.,                                                 11-CV-0976 (KAM) (JO)
                           Defendants.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      For the reasons set forth below, I respectfully recommend that the court *sua sponte* direct the Clerk of Court to strike the answer to the plaintiffs' Amended Complaint by defendants Nathan Smith ("Smith"), Josh Bosch ("Bosch"), and People Choice Real Estate, LLC (also known as "Peoples Choice Real Estate, L.L.C." and "People's Choice Realty, Inc.") ("People's Choice") (collectively, the "PCRE Defendants") and enter those defendants' default.

I.     Background

      The plaintiffs filed the original Complaint in this action on March 1, 2011. DE 1. Smith and Bosch – whom the plaintiffs initially sued under the fictional names of "Nathan Doe" and "Josh Doe," respectively – were served with the Complaint on March 1, 2012. DE 6. People's Choice was served on March 17, 2011. DE 12. The PCRE Defendants failed to answer or otherwise respond to the Complaint, and the plaintiffs moved for entry of their default. DE 15; DE 21. The Clerk entered the defaults of Smith and Bosch on April 13, 2011, and of People's Choice on April 21, 2012. DE 16; DE 17; Clerk's entry dated April 21, 2011. On June 3, 2011, the PCRE Defendants appeared through counsel, who filed a notice of appearance and moved to vacate their default. DE 33; DE 34. After initially opposing the motion, *see* DE 36, the plaintiffs consented to the vacatur of the previously entered default. DE 40. On July 7, 2012, the plaintiffs filed an Amended Complaint. DE 41. The PCRE Defendants answered it on July 15, 2012. DE 43.

The plaintiffs served their initial discovery demands on the PCRE Defendants on October 1, 2011. *See* DE 64 at 1. The PCRE Defendants failed to provide a complete response to those demands, and the plaintiffs filed a motion to compel on November 28, 2011. DE 64. At a status conference on January 11, 2012, I granted the plaintiffs' motion in part and ordered the PCRE Defendants to supplement their response by January 31, 2012. DE 73. The PCRE Defendants failed to comply with that order, providing no additional disclosures to the plaintiffs. *See* DE 99 at 1. On April 17, 2012, the plaintiffs once again moved to compel the PCRE Defendants to respond to their initial discovery demands. DE 99.

The PCRE Defendants did not respond to the plaintiffs' motion. Instead, on April 20, 2012, their counsel of record, Marc Illish ("Illish"), filed a motion on behalf of his firm for leave to withdraw. DE 100. Illish stated in his motion that the PCRE Defendants were "non-communicative," and that he and other members of his firm had been unable "to gain [their] cooperation in representing [them] and litigating this matter." DE 100 at 1. I scheduled a status conference for May 7, 2012, and ordered the PCRE Defendants to appear in person. Order dated April 23, 2012. Smith appeared at the conference as required, but Bosch did not. DE 104. Odelia Berlianshik ("Berlianshik"), the owner of People's Choice, appeared on behalf of that entity. *Id.* After the conference I issued the following minute entry:

> I addressed the application by Mr. Illish, on behalf of his law firm, to withdraw from representing defendants Josh Bosch, Nathan Smith, and People's Choice Real Estate. Mr[.] Bosch did not appear as required, and I therefore deem him to have waived any objection to the motion. Mr. Smith consented to the motion and intends to represent himself. Ms. Berlianshik … consented to the motion and intends not to engage new counsel, even though she understands that will result in the entry of her company's default. Plaintiff Sasmor objected on the basis that the Mr. Illish's clients have not yet complied with their discovery obligations, including their obligation to account for the fact that certain records are described as being no longer available. I directed Mr. Illish's clients to discharge all outstanding discovery obligations no later than May 29, 2012; once they have done so (and once the parties have reported

2

>that fact to me or I have resolved any remaining disputes), I will grant on consent the motion to be relieved.

*Id*.

On June 13, 2012, the plaintiffs filed a third motion to compel discovery responses from the PCRE Defendants. DE 108. The plaintiffs reported in their motion papers that Illish had contacted them on May 29, 2012, to request an extension of time for his clients to discharge their outstanding discovery obligations. *Id.* at 1. Illish told the plaintiffs that Smith had been in the hospital and that Bosch had been tending to him. *Id.* Illish could not say when Smith and Bosch would produce the required disclosures in response to the plaintiffs' discovery demands. *Id.* With respect to People Choice, Illish told the plaintiffs that Berlianshik had decided that she was "'not going to be going forward,'" and that he was no longer in communication with her. *Id.* Illish told the plaintiffs that he had no way of knowing whether the PCRE Defendants would produce discovery even if given additional time. *Id.* Nevertheless, the plaintiffs agreed not to file any further motions until after June 11, 2012, in order to allow Illish time to try to obtain documentation and additional information about Smith's health. *Id.* As of June 13, 2012, no documentation or additional information about Smith's health had been provided to the plaintiffs. *Id*.

On June 21, 2012, Illish filed a letter in which he reported being "unsuccessful in obtaining any cooperation or communication" from the PCRE Defendants and therefore unable to respond to the plaintiffs' motions on their behalf. DE 110. On June 22, 2012, I issued an order directing the PCRE Defendants to appear in person at the next conference to discuss their failure to comply with court orders. Order dated June 22, 2012. I warned them that their failure to appear at the conference might result in a default judgment. *Id*.

3

Despite my order, none of the PCRE Defendants appeared at the next status conference on July 9, 2012, nor did they seek leave to be excused. DE 114. Illish was given the opportunity at the conference to show cause why, in light of the PCRE Defendants' repeated failure to provide discovery or otherwise obey court orders, the court should not strike their answer and enter their default. *Id.* Illish made no argument against such a remedy. *Id.*

II.     Discussion

    A.     Default

Rule 37 of the Federal Rules of Civil Procedure provides a range of sanctions for failure to comply with discovery orders including, *inter alia*, rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(vi). "Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." *2W Product Corp. v. Y&P Wholesale, Inc. et al.*, 2009 WL 29311, at *3 (E.D.N.Y. Jan. 5, 2009) (quoting *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995)). Rule 37 authorizes default for noncompliance where it is established that a party's failure to comply is due to willfulness, bad faith, or any fault, including gross negligence. *Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979). Among the factors to be considered when imposing sanctions are: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party. *See 2W Product Corp.,* 2009 WL 29311, at *3 (citing *Stirrat v. Ace Audio/Visual, Inc.*, 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004). No one factor is dispositive. *Id.*

The PCRE Defendants' conduct warrants the imposition of a default judgment as a sanction for their failure to comply with discovery requests and court orders. Since answering the Amended Complaint and providing a partial response to the plaintiffs' first round of discovery demands, the PCRE Defendants have not participated in any meaningful way in this litigation. They have refused to cooperate with their attorney in providing court-ordered discovery and responding to the plaintiffs' motions. Smith, after having informed the court of his intention to represent himself, failed to appear at the July 9, 2012 conference, despite my warning that such failure might result in a default judgment. Bosch has never appeared in court despite my repeated orders that he do so. People's Choice has completely abdicated its responsibilities in this litigation; not only did a representative of People's Choice fail to appear at the most recent conference, but Berlianshik affirmatively stated at the previous conference that she had no intention of retaining successor counsel once Illish was allowed to withdraw. On this record, I conclude that all three of the PCRE Defendants have willfully ignored this court's orders and their discovery obligations.

The PCRE Defendants have also had ample notice of the consequences of noncompliance: the order of June 22, 2012, explicitly warned them of the consequences of failing to appear at the next status conference; moreover, Berlianshik was warned at the status conference on May 7, 2012, that her decision not to retain successor counsel for People's Choice would result in the entry of her company's default. Finally, the PCRE Defendants' recalcitrance makes it clear that no sanction short of entering default will suffice to bring them into compliance with their obligations. Under the circumstances of this case, issuing further orders or imposing lesser sanctions would serve no purpose, and would prejudice the plaintiffs. *See Stirrat*, 2004 WL 2212096, at *2 ("since

a failure to grant dispositive relief would likely leave the case pending for an indefinite time, it is likely that some prejudice would result").

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court direct the Clerk of Court to strike the answer and enter the default of defendants Nathan Smith, Josh Bosch, and People Choice Real Estate, LLC (also known as "Peoples Choice Real Estate, L.L.C." and "People's Choice Realty, Inc.").[1]

IV.     Objections

I direct the plaintiffs to serve a copy of this Report and Recommendation on each of the defendants as to whom I recommend the entry of default by certified mail, and to file proof of service no later than August 30, 2012. Any objections to this Report and Recommendation must be filed on the electronic docket no later than September 13, 2012. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
August 27, 2012

_____/s/_____
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] Should the court take the action I recommend, I will then deny as moot attorney Illish's motion for leave to withdraw. I note that Mr. Illish and his colleague Boris Kogan continue to serve as counsel of record to defendants, Louis Garcia, Joel Kaufman, and Kings County Realty Corp.