```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'
ASSOCIATION, ET AL.,
                                            ORDER ADOPTING REPORT
                    Plaintiffs,             AND RECOMMENDATION

    -against-                               11-CV-0976(KAM)(JO)

CHAIM MEISELS, ET AL.,

                    Defendants.      X
----------------------------------------
```

**MATSUMOTO, United States District Judge:**

On March 1, 2011, plaintiffs 287 Franklin Avenue Residents' Association, Jon Sasmor, Lisa Lin, Willie Osterweil, Kurt Fletcher, and Vilija Skubutyte ("plaintiffs") commenced this action against various defendants, including Nathan Smith ("Smith"), Josh Bosch ("Bosch"), and People Choice Real Estate, LLC[1] ("People's Choice") (collectively, the "PCRE Defendants"), seeking damages and equitable relief for violations of Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") and the New York Consumer Protection Act, New York General Business Law § 349. (*See generally* ECF No. 1.) The PCRE Defendants were served with the Complaint in March 2012, but failed to answer or otherwise move, causing plaintiffs to move for entry of their default. (*See* ECF Nos. 6, 12, 15, 21.) The Clerk of this Court entered the defaults of Smith and Bosch

---

[1] People's Choice is also known as "Peoples Choice Real Estate, L.L.C." and "People's Choice Realty, Inc."

on April 13, 2011 and of People's Choice on April 21, 2012. (*See* ECF Nos. 16-17.)

On July 7, 2011, plaintiffs filed their First Amended Complaint. (ECF No. 41.) The PCRE Defendants eventually did appear and retained counsel, who assisted them in obtaining *vacatur* of the default judgments against them on August 18, 2011. (*See* ECF No. 33, 34, 36, 40, 52.) The PCRE Defendants then answered the First Amended Complaint on July 15, 2011. (ECF No. 43.) Plaintiffs served their initial discovery demands on the PCRE Defendants on October 1, 2011. (*See* ECF No. 64 at 1.) The PCRE Defendants, however, failed to provide a complete response, and on November 28, 2011, plaintiffs moved for an order to compel them to do so. (ECF No. 64.) Magistrate Judge Orenstein granted plaintiffs' request in part and ordered the PCRE Defendants to complete their discovery responses by January 31, 2012. (ECF No. 73.) The PCRE Defendants again failed to comply with the court's order, and on April 17, 2012, plaintiffs filed their second motion to compel. (ECF No. 99.)

The PCRE Defendants did not respond directly to the second motion to compel, but their attorney, Marc Illish, Esq., sought leave of the court to withdraw his representation of the PCRE Defendants due to his inability to get the PCRE Defendants to communicate with him or to otherwise respond to his efforts to do so. (ECF No. 100.) On April 14, 2012, Judge Orenstein

2

issued an order scheduling a status conference and ordering all of the PCRE Defendants to appear in person. (*See* docket entry dated 4/23/12.) The conference was held on May 7, 2012; Smith appeared, Odelia Berlianshik appeared on behalf of the People's Choice entities, and Bosch failed to appear. (ECF No. 104.) Judge Orenstein noted in the minute entry for the status conference that Smith intended to represent himself and Berlianshik intended not to engage new counsel for the People's Choice entities (even though she understood that would result in the entry of default against the People's Choice entities). (*Id*.) Judge Orenstein also ordered the PCRE Defendants to discharge their outstanding discovery obligations by May 29, 2012, after which he would grant Mr. Illish's motion to be relieved as counsel. (*Id*.)

Once again, the PCRE Defendants did not meet the court-ordered deadline, and plaintiffs made their third motion to compel on June 13, 2012. (ECF No. 208.) Plaintiffs reported that on May 29, 2012, Mr. Illish contacted them seeking an extension of time for his clients to fulfill their discovery obligations, and plaintiffs agreed to the extension and also agreed not to seek court assistance until after June 11, 2012. (*Id*.) Yet, no additional documents or information were provided to plaintiffs. (*Id*.)

On June 21, 2012, Mr. Illish informed the court via

letter that he had not been able to obtain cooperation or communication from his clients. (ECF No. 110.) On June 22, 2012, Judge Orenstein issued an order directing the PCRE Defendants to appear in person at the next status conference to discuss their failure to comply with court orders, and specifically warned them that their failure to appear could result in default judgments. (*See* docket entry dated 6/22/12.) Nonetheless, none of the PCRE Defendants appeared at the next status conference held on July 9, 2012, nor did they seek leave to be excused. (*See* ECF No. 114.) Mr. Illish did appear, although he did not present an argument as to why, in light of the PCRE Defendants' repeated failures to provide discovery or otherwise comply with court orders, the court should not strike their answer and enter default judgments. (*Id.*)

Presently before the court is a Report and Recommendation issued by Magistrate James Orenstein on August 27, 2012, recommending that the court, *sua sponte*, direct the Clerk of Court to strike the PCRE Defendants' answer to the First Amended Complaint and to enter their default. (ECF No. 123, Report and Recommendation dated 8/27/2012 ("R&R"), at 1, 6.)

As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed on or before September 13, 2012. (R&R at 6.)

Plaintiffs served the Report and Recommendation on the PCRE Defendants on August 30, 2012. (*See* ECF Nos. 124-125, Certificates of Service dated 8/30/12.) The period for filing objections has now expired, and no objections to Magistrate Judge Orenstein's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon review of Magistrate Judge Orenstein's thorough and well-reasoned Report and Recommendation and the record in this case, and considering that neither party has objected to any of Magistrate Judge Orenstein's recommendations, the court finds no clear error in the Report and Recommendation and hereby affirms and adopts it as the opinion of the court.

## **CONCLUSION**

For the foregoing reasons, the Clerk of Court is respectfully directed to strike the answer of defendants Nathan Smith, Josh Bosch, and People Choice Real Estate, LLC (a.k.a.

5

"Peoples Choice Real Estate, L.L.C." and "People's Choice Realty, Inc.") to the First Amended Complaint (ECF No. 43) and to enter their default.

Plaintiffs shall serve a copy of this Memorandum and Order upon each of the PCRE Defendants, as defined herein, and are ordered to file a certificate of service via ECF by September 28, 2012.

**SO ORDERED.**

Dated:   September 25, 2012
         Brooklyn, New York

                                      ___/s/_____ _____
                                      Kiyo A. Matsumoto
                                      United States District Judge
                                      Eastern District of New York