UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'
ASSOCIATION, et al.,                      **ORDER ADOPTING REPORT
                                          AND RECOMMENDATION**

                Plaintiffs,
                                          11-CV-976(KAM)(JO)
   -against-

CHAIM MEISELS, et al.,

                Defendants.
----------------------------------------X
**KIYO A. MATSUMOTO**, United States District Judge:

       Plaintiffs Lisa Lin, William Osterweil, Kurt Fletcher, Vilija Skubuyte, Jon Sasmor, and 287 Franklin Avenue Residents' Association[1] initiated this civil action bringing claims under the federal Racketeer Influenced and Corrupt Organizations ("Rico") Act, 18 U.S.C. § 1961, *et seq.*, and state law, relating their tenancies at 287 Franklin Avenue, Brooklyn, New York ("287 Franklin"). (*See generally* ECF No. 41, First Amended Complaint ("Am. Compl.").)

       Before the court on *de novo* review of a Report and Recommendation of the Honorable James Orenstein are certain defendants' motions for summary judgment and dismissal for failure to state a claim,[2] as well as *pro se* plaintiff Jon

---

[1] Although plaintiffs filed this action *pro se*, Ms. Lin, Mr. Osterweil, Mr. Fletcher, Ms. Skubuyte, and 287 Franklin Avenue Residents' Association (together, the "Represented Plaintiffs") have since retained counsel. (*See* ECF No. 42, Notice of Appearance by Gideon Orion Oliver dated 7/12/11.) Mr. Sasmor is proceeding *pro se*.

[2] Motions were filed by Henry Management, LLC and Chaim Goldberger (together, the "Goldberger Defendants"), Ronald Henry Land Trust, Isaac Teitelbaum, and

Sasmor's motion for partial summary judgment. (*See* ECF No. 309, [Garcia Defendants'] Notice of Motion Pursuant to FRCP 12(b)(6) and Rule 56; ECF No. 296, [Land Trust Defendants'] Notice of Motion; ECF No. 285, [Goldberger Defendants'] Motion for Summary Judgment; ECF No. 275, Memorandum of Law In Support of Plaintiff Jon Sasmor's Motion for Summary Judgment ("Sasmor Mem.").)

Magistrate Judge James Orenstein issued a Report and Recommendation ("R&R") recommending that the court deny Mr. Sasmor's motion for partial summary judgment and grant the Goldberger, Land Trust, and Garcia Defendants' motions for summary judgment, dismissing the plaintiffs' RICO claims with prejudice and declining to exercise jurisdiction over their remaining state law claims.[3]  (ECF No. 338, R&R dated 7/20/15.) Mr. Sasmor and the Represented Plaintiffs have timely objected to the R&R.  (*See* ECF No. 339, Objections by Mr. Sasmor ("Sasmor Obj.") dated 8/6/15; ECF No. 340, Represented Plaintiffs' Objections to the R&R dated 8/6/15 ("Represented Pls. Obj.").) Having undertaken a *de novo* review of the record in light of the

---

Abraham Schneebalg (together, the "Land Trust Defendants"), and Kings Country Realty Corp., Louis Garcia, and Joel Kaufman (together, the "Garcia Defendants").  Default was entered against defendants Chaim Meisels, Samuel Emmanus, Peter Henry, and Brian Dudjak (*see* Clerk's Entries of Default dated 4/12/15, 4/15/11, 4/25/11, and 3/12/15), as well as defendants Nathan Smith, Josh Bosch, and People Choice Real Estate, LLC (together, the "Realtor Defendants") (*see* Clerk's Entry of Default dated 9/26/12).  Plaintiffs voluntarily dismissed their claims against defendants Joe Doe and Ronald Henry.  (*See* ECF Nos. 198, 199.)

[3] On July 20, 2015, Judge Orenstein also issued a Report and Recommendation in *Sasmor v. Powell*, 11-cv-4645, which the court adopts in a concurrently-issued order.

parties' written objections pursuant to 28 U.S.C. § 636(b)(1)(C), the court respectfully denies the parties' objections, incorporates the R&R by reference, and adopts it in its entirety.

## STANDARD OF REVIEW

To the extent that a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C). After such review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The detailed facts in this matter, both undisputed and disputed, are set forth in Judge Orenstein's R&R.[4] (R&R at 2-9.) In light of Mr. Sasmor and the Representative Plaintiffs' timely objections, the court has undertaken a *de novo* review of the full record[5] including the applicable law, the pleadings, the

---

[4] Mr. Sasmor makes a number of objections to the facts recited in the R&R (*see* Sasmor Obj. Ex. 4). As discussed further below, even if the court were to accept Mr. Sasmor's characterizations and clarifications, the court's analysis and conclusion would not change.

[5] The court notes that, although parties are required by Federal Rule 56(c)(1) to support their factual positions on a motion for summary judgment by "citing to particular parts of materials in the record" and the court "need consider only the cited materials," the court "may consider other materials in the record" in its discretion. Fed. R. Civ. P. 56(c)(1)(A), (3). Nevertheless, the court need not "consider what the parties fail to point out" by failing to include relevant facts and citations in their Local Rule 56.1 Statements. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)

underlying record, the parties' submissions on the instant motions, the R&R, and the parties' objections to the R&R.  *See* 28 U.S.C. § 636(b)(1)(C).

The Represented Plaintiffs make a general objection to Judge Orenstein's determination that plaintiffs cannot establish that they suffered any cognizable injury as the result of the alleged violations.  (*See generally* Represented Pls. Obj.)  The Represented Plaintiffs argue that a reasonable jury could find that plaintiffs were injured by paying rent to various people, and that they made those rent payments out of fear caused by defendants and/or as a direct result of fraudulent representations made by defendants regarding the ownership of 287 Franklin Avenue and its legality as a rental property.  (*See id.* at 4-7.)  The Represented Plaintiffs further argue that they were injured by certain defendants' representations that they would be responsible for the costs of utilities and repairs, and that, even absent the economic damages of paying rent and utilities, plaintiffs suffered injury to their "leasehold property interests."  (*See id.* at 5-8.)

Finally, the Represented Plaintiffs appear to object to Judge Orenstein's finding that plaintiffs could not have

---

(internal citations and quotation marks omitted); *see Amato v. Hartnett*, 936 F. Supp. 2d 416, 432 n.6 (S.D.N.Y. 2013); *Banco Cent. de Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2005 WL 53271, at *8 (S.D.N.Y. Jan. 7, 2005) ("The Court's role is not to wander aimlessly through the record in search of evidence that substantiates the allegations in the Rule 56.1 statement.").

sustained a cognizable injury by paying rent to individuals who plaintiffs later learned were not legally-entitled to rent payments, arguing that their payment of rent to one who was not entitled to collect it constitutes injury to the payer-tenant. (*Id.* at 10-11.) The Represented Plaintiffs do not cite any authority in support of their objections to the R&R, other than citing generally to *United States v. Weinberg*, 852 F.2d 681 (2d Cir. 1988) and *Buyers and Renters United to Save Harlem v. Pinnacle Group N.Y. LLC*, 575 F. Supp. 2d 499 (S.D.N.Y. 2008), as well as New York housing statutes and state court cases interpreting those statutes.

Mr. Sasmor submits three specific objections to the R&R.[6] First, Mr. Sasmor contends that the R&R failed to apply properly the "direct relationship" test for proximate causation set forth in *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268-70 (1992), which, Mr. Sasmor asserts, would establish that defendants' purported racketeering activity proximately caused plaintiffs to be injured by making rent and other payments related to their tenancies at 287 Franklin Avenue. (*See* Sasmor Obj. Exs. 1, 2.) Specifically, Mr. Sasmor argues that plaintiffs made rent payments as a proximate result of (1) extortion (in the form of Mr. Goldberger's "forceful

---

[6] Mr. Sasmor also submits numerous objections to Judge Orenstein's summary of the facts and procedural history of this case, as well as the characterization of certain facts as "disputed." (*See* Sasmor Obj. Ex. 4.)

5

nighttime knocking" to collect rent and defendants' exploitation of plaintiffs' fear of being able to find other affordable housing); (2) wire fraud (in the form of at least some defendants advertising on the internet site, Craigslist, premises that could not be occupied legally); and (3) mail and wire fraud (in the form of misrepresentations that the alleged enterprise made to plaintiffs regarding the ownership of 287 Franklin Avenue). (*See id.*)

Second, Mr. Sasmor argues that application of the *Holmes* test also establishes that defendants' eviction proceedings against plaintiffs, which Mr. Sasmor characterizes as both mail/wire fraud and extortion, directly and proximately caused plaintiffs' litigation expenses. (*See id.* Ex. 3.) Specifically, he states that the eviction proceedings against plaintiffs misrepresented (1) the Ronald Henry Land Trust's capacity to sue by initiating eviction proceedings in the Trust's name, (2) the Trust's capacity to own property, and (3) that rent for 287 Franklin Avenue could be collected legally, and that the tenants collectively agreed to pay rent for the entire building. (*See id.*) Mr. Sasmor contends that plaintiffs spent time and money opposing the eviction proceedings because they "relied on the misrepresentations that valid, proper eviction proceedings had been brought." (*Id.*)

6

Third, Mr. Sasmor argues that the court should consider plaintiffs' state law claims even if their federal RICO claims are dismissed upon consideration of the factors outlined in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988). (*See id.* Ex. 6.) Mr. Sasmor contends that the state law claims in this case are simple, well-developed, and ripe for adjudication before this court, which Mr. Sasmor argues has considered most of the facts relevant to the state law claims. (*See id.*)

The court has considered the foregoing objections and undertaken a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of the parties' objections, the objections are overruled. This court, concurring with Judge Orenstein in all material respects, hereby adopts in its entirety the rationale articulated in the well-reasoned R&R, which embodies a correctly-grounded analysis of the factual record and legal authorities.

Specifically, with regard to the Represented Plaintiffs' objections, the court agrees with and adopts Judge Orenstein's determination that plaintiffs did not suffer any injury that was proximately caused by the alleged extortionate acts of defendants or any alleged misrepresentations of the ownership of 287 Franklin Avenue. To the extent the Represented

Plaintiffs argue that defendants' alleged misrepresentations regarding the legality of occupying the subject premises caused plaintiffs' injury in the form of rent paid, which would have been otherwise withheld pursuant to Multiple Dwelling Law §§ 301(1) and 302(1)(b), the court finds that all of plaintiffs' federal claims must be dismissed because plaintiffs cannot demonstrate the existence of a racketeering enterprise, as discussed further below.

With regard to Mr. Sasmor's objections, the court agrees with Judge Orenstein's findings that (1) plaintiffs cannot show that they suffered any cognizable injury as a direct result of defendants' purported extortion[7] or misrepresentations regarding the ownership of 287 Franklin Avenue; (2) plaintiffs cannot show that their litigation expenses were proximately caused by defendants' purported misrepresentations in the eviction proceedings against plaintiffs; and (3) the court should decline to exercise jurisdiction over plaintiffs' state law claims after dismissal of the federal claims.[8] As discussed

---

[7] The court notes that any fear plaintiffs felt that they would be unable to find other affordable housing cannot form the basis of a RICO claim sounding in extortion, because the evidence proffered by plaintiffs (*see* Sasmor Obj. Ex. 2) indicates that such fear flowed from the state of the housing market and not any action or threat by defendants to harm plaintiffs' ability to obtain other housing.

[8] "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity—the 'Cohill factors.'" *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). Where, as here, "all federal-law claims are eliminated before trial, the

8

in the R&R, with all inferences drawn in plaintiffs' favor, and as a matter of law, plaintiffs cannot demonstrate that their rent, utility, and credit check payments were caused by either Mr. Goldberger's forceful knocking or any defendant's representation that various individuals were entitled to collect rent; rather, any rent was paid in exchange for the occupancy of the premises, regardless of whether defendants or Mr. Henry were in fact legally entitled to such payments.

Mr. Sasmor has also argued that defendants committed wire fraud by advertising for rent premises that could not be legally occupied, N.Y. Mult. Dwell Law § 301(1), which resulted in plaintiffs paying rent that they would have been entitled to withhold, N.Y. Mult. Dwell Law § 302(1)(b), *see also* Sasmor 56.1 Stmt. ¶ 50.  Nevertheless, the court finds that defendants are entitled to summary judgment with regard to this alleged predicate act because , as a matter of law, plaintiffs cannot establish the existence of a racketeering enterprise.

A RICO enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," the existence of which "is proved by evidence of an ongoing organization, formal or informal, and by evidence that

---

balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill,* 484 U.S. at 350 n. 7.  Because the court has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

9

that the various associates function as a continuing unit." *United States v. Applins*, 637 F.3d 59, 73 (2d Cir. 2011) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Although a RICO plaintiff need not establish that the enterprise has a hierarchy, he or she must demonstrate that the purported enterprise has "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938 (2009). The alleged enterprise must exist "separate and apart from the pattern of activity in which it engages." *D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 667 (2d Cir. 2014) (citing *Turkette,* 452 U.S. at 583). Nonetheless, "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise 'may in particular cases coalesce.'" *Id.*

As Mr. Sasmor states, the alleged purpose of the enterprise is "to claim ownership of, manage, and operate residential real estate at 287 Franklin, advertise and rent illegal rooming units, obtain cooperation from tenants by extortion, and conceal the proceeds to evade taxes." (Sasmor Mem. at 18-19.) Other than plaintiffs' allegation that defendants and other third parties are involved in an enterprise, the alleged purpose of which is a laundry list of the alleged predicate acts, plaintiffs have proffered

insufficient admissible evidence establishing the existence of or defendants' participation in the affairs of such an enterprise.  Drawing all factual inferences in favor of plaintiffs (*see* ECF No. 277, Plaintiff Sasmor's Local Civil Rule 56.1 Statement ("Sasmor 56.1 Stmt.") ¶¶ 155-163), the proffered evidence--discovery responses indicating the existence of meetings between certain defendants, testimony that certain defendants had isolated interactions with other defendants, call logs indicating telephone calls between certain defendants without any evidence of the subject of those telephone calls, and the fact that rent proceeds from the subject property were deposited in a bank account belonging to one defendant, Henry Management LLC--cannot prove the existence of an enterprise with a common purpose involving any subset of defendants.  Because no reasonable jury would find plaintiffs' evidence sufficient to establish the existence of an enterprise, a grant of summary judgment in favor of defendants is appropriate. *See Smallwood v. Lupoli*, No. 07-4445-CV, 2009 WL 579419, at *1-2 (2d Cir. Mar. 4, 2009) (affirming district court's grant of summary judgment to defendants where plaintiffs failed to adduce sufficient evidence supporting "a reasonable finding of a unifying objective or an association-in-fact to coalesce around it").

Finally, the court acknowledges Mr. Sasmor's objections to the facts cited in the R&R.  (*See* Sasmor Obj. Ex.

IV).  Although the court notes that counsel for the Goldberger Defendants' affirmation in support of the Goldberger Defendants' motion for summary judgment is not based on counsel's personal knowledge, the court has considered on the merits the substance of the arguments asserted by all parties and the admissible evidence submitted in the instant motions.  The court agrees with Judge Orenstein's determination that Mr. Sasmor's Rule 56.1 Statement should not be deemed admitted in its entirety, insofar as it contains legal conclusions and characterizations.  Furthermore, the court finds futile Mr. Sasmor's objections regarding Judge Orenstein's characterization of certain facts in Mr. Sasmor's 56.1 Statement as disputed; even if the facts in Mr. Sasmor's 56.1 Statement are deemed undisputed, they do not change the court's determinations herein.  Similarly, the court finds that the factual "errors" identified by Mr. Sasmor do not affect the court's analysis or outcome and were not relied upon by Judge Orenstein in his recommendations.  Finally, because the security watch organized by Mr. Sasmor cannot constitute a RICO injury, and according to Mr. Sasmor, is not a basis for which he seeks RICO compensation, the court denies any objection to Judge Orenstein's characterization of the plaintiffs' motivations for starting a security watch.

## CONCLUSION

For the reasons set forth above, Judge Orenstein's Report and Recommendation is incorporated by reference and adopted in its entirety and the objections of the Represented Plaintiffs and Mr. Sasmor are respectfully denied. Accordingly, Mr. Sasmor's motion for summary judgment is denied in its entirety, and the Goldberger, Land Trust, and Garcia Defendants' motions for summary judgment are granted. Having dismissed plaintiffs' federal law claims, the court declines to exercise jurisdiction over plaintiffs' state law claims. The Clerk of Court is respectfully requested to dismiss defendants Louis Garcia, Chaim Goldberger, Joel Kaufman, Abraham Schneebalg, Isaac Teitelbaum, Henry Management LLC, Kings County Realty Corp, and Ronald Henry Land Trust from this action. Plaintiffs shall advise the court no later than September 30, 2015 as to how they plan to proceed with this action.

**SO ORDERED.**

Dated:   September 17, 2015
         Brooklyn, New York

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York