UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
287 FRANKLIN AVENUE RESIDENTS'
ASSOCIATION, et al., **MEMORANDUM & ORDER**
 11-CV-976(KAM)(JO)
              Plaintiffs,

   -against-

CHAIM MEISELS, et al.,

              Defendants.
----------------------------------------X
**MATSUMOTO, United States District Judge**:

        Plaintiffs Lisa Lin, William Osterweil, Kurt Fletcher, Vilija Skubutyte, Jon Sasmor ("Mr. Sasmor"), and the 287 Franklin Avenue Residents' Association initiated this civil action bringing claims under the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.* and state law, relating to their tenancies at 287 Franklin Avenue, Brooklyn, New York ("287 Franklin"). (ECF No. 41.) Mr. Sasmor subsequently moved for partial summary judgment, and certain other defendants moved for summary judgment and dismissal for failure to state a claim. (ECF Nos. 275, 285, 296, 309.) By order dated September 17, 2015, this court adopted the Report and Recommendation of Magistrate Judge Orenstein dated July 20, 2015 (ECF No. 338), denying Mr. Sasmor's motion for partial summary judgment and granting defendants' motions for summary judgment. (ECF No. 341.)

        On September 30, 2015, Mr. Sasmor moved for reconsideration of the court's decision. (ECF No. 344.) The

relevant defendants opposed Mr. Sasmor's motion. (ECF Nos. 346-48.) Mr. Sasmor submitted a reply. (ECF No. 351.) For the reasons provided herein, Mr. Sasmor's motion for reconsideration is respectfully DENIED.

**BACKGROUND**

The court assumes familiarity with the facts in this action, which have been set out in detail in prior decisions. *See, e.g.*, *287 Franklin Ave. v. Meisels*, No. 11-CV-0976, 2015 WL 5457959, at *1 (E.D.N.Y. July 20, 2015), *report and recommendation adopted sub nom. 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2015 WL 5457967 (E.D.N.Y. Sept. 17, 2015).

**LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 6.3. In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000) (internal quotation marks and citation omitted). A motion for reconsideration is not

a vehicle for the relitigation of issues that were already decided. *See Darnley v. Ameriquest Mortgage Co.*, No. 06-CV-4265, 2010 WL 1037971, at *1 (E.D.N.Y. Mar. 17, 2010).

**DISCUSSION**

Mr. Sasmor contends that the court, in granting summary judgment to the relevant defendants and denying Mr. Sasmor's motion for partial summary judgment:

(1) Overlooked, in addressing the "enterprise" element of his RICO claim: (a) certain briefs he filed; (b) a purportedly conclusive state appellate court judgment; and (c) both direct and circumstantial evidence that would meet the "enterprise" element under 18 U.S.C. § 1962;

(2) Failed to appropriately analyze the proximate cause element of his RICO claim and overlooked evidence that would support his contention that a direct relationship exists between his injury and the defendants' injurious conduct, and that he would not have been injured in the absence of the RICO violation; and

(3) Unjustly declined to exercise supplemental jurisdiction of his state law claims after dismissing the only federal claims.

The court has carefully reviewed Mr. Sasmor's arguments, as well as the defendants' responses and the voluminous record.

The court addresses Mr. Sasmor's arguments in favor of reconsideration in turn.

First, the court, which adopted the magistrate judge's report and recommendation as its own opinion, closely evaluated the parties' respective arguments as well as the evidence in the record in addressing the "enterprise" element of Mr. Sasmor's RICO claim. (ECF No. 341, at 9-11.) Neither the direct nor the circumstantial evidence cited by Mr. Sasmor (ECF No. 344, at 3-5; ECF No. 351, at 6-7), which the court in any event has already considered, would be sufficient to justify reconsideration of the court's determination that "no reasonable jury would find plaintiffs' evidence sufficient to establish the existence of an enterprise." (ECF No. 341, at 11.)

Second, the magistrate judge provided an exceptionally detailed and thorough analysis as to why Mr. Sasmor failed to raise a genuine issue of material fact regarding whether he was "injured in his business or property *by reason of* [the criminal] violation." (ECF No. 338, at 12-20 (citing 18 U.S.C. § 1964(c)).) For the reasons discussed in Judge Orenstein's outstanding Report and Recommendation, and for the reasons that the court adopted the Report and Recommendation (ECF No. 341, at 8-9), the court declines Mr. Sasmor's request for reconsideration of the court's decision regarding the failure to establish RICO injury as well as the

4

failure to establish the but-for and proximate cause element of his RICO claim.

Finally, addressing Mr. Sasmor's contention that the court should have exercised supplemental jurisdiction over his state law claims, "[i]n most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003); *see also Haynes v. Zaporowski*, 521 F. App'x 24, 28 (2d Cir. 2013) ("We conclude that, as all federal claims were dismissed for failure to state a claim, the court should have declined to entertain supplemental jurisdiction over Haynes's state-law claims, and the judgment should have dismissed the latter claims without prejudice."). Mr. Sasmor has not met the high bar for reconsideration of the court's decision not to exercise supplemental jurisdiction over his state law claims.

## CONCLUSION

For the reasons set forth above, Mr. Sasmor's motion for reconsideration is respectfully DENIED. The Clerk of Court is respectfully requested to vacate all entries of default dated April 12, 13, 15, 19, 21, and 25, 2011; March 12, 2012; and September 26, 2012 (ECF Nos. 20, 22, 24-27, 93, and other undated ECF docket entries) in light of the court's grant of defendants' motions for summary judgment on the sole federal RICO claim and the court's decision to decline the exercise of supplemental jurisdiction on

5

plaintiffs' state law claims. *See Negrin v. Kalina*, No. 09-CV-6234, 2012 WL 4074992, at *2 (S.D.N.Y. Sept. 11, 2012) ("[T]he court may set aside an entry of default *sua sponte*, for good cause."); *Leonard J. Strandberg & Assocs. v. Misan Const. Corp.*, No. 08-CV-2939, 2010 WL 1565485, at *8 (E.D.N.Y. Apr. 19, 2010) (dismissing complaint for lack of subject matter jurisdiction, and *sua sponte* vacating entries of default judgment as "void"). The Clerk of Court is further respectfully requested to enter judgment in favor of defendants on the federal claim and close this case.

**SO ORDERED.**

Dated:  September 30, 2015
        Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York